Chief Judge Desmond.
The question, undecided in this State (see Matter of Richetti v. New York State Bd. of Parole, 300 N. Y. 357, 360) but answered affirmatively in many decisions elsewhere, is this: Does an inordinately long and unexplained delay in imposing a criminal sentence cause the trial court to lose jurisdiction so that a sentence thereafter imposed is void and the defendant is entitled to habeas corpus relief 1 Although there are no controlling New York statutes (see Code Grim. Pro., §§ 471, 472, 482), it is settled law in this State that- the imposition of sentence may not be “ indefinitely deferred or postponed” (Matter of Ilogan v. Bohan, 305 N. Y. 110, 112; People ex rel. Prosser v. Martin, 306 N. Y. 710; People v. Cioffi, *377 1 N Y 2d 70, 72). There is at least an intimation in People v. Everhardt (104 N. Y. 591, 598) that delay in sentencing sometimes results in loss of jurisdiction. Many courts in other States have concluded that an indefinite or protracted failure to pronounce sentence results in a loss of jurisdiction (People ex rel. Powers v. Shattuck, 274 Ill. 491; People ex rel. Boenert v. Barrett, 202 111. 287; People v. Cahill, 300 Ill. 279; Stevens v. State, 227 Ind. 417; Commonwealth v. Maloney, 145 Mass. 205; Grundel v. People, 33 Col. 191; State v. Scarbrough, 167 La. 484; Payne v. State, 154 Tenn. 47; Matter of Grove, 43 Idaho 775; Norman v. State, 73 Okla. Cr. 295). The general rule of those cases is expressed thus in People v. Penn (302 111. 488, 494): “ The effective administration of criminal law requires that one who pleads guilty or is convicted of a violation of the law shall be promptly and certainly punished, and no court has authority to suspend sentence indefinitely in such case. It is the duty of the court to pronounce judgment promptly at the term at which the conviction is had, unless upon a motion for a new trial, in arrest of judgment or for other cause the case is continued for further adjudication, and the defendant by recognizance or being held in custody is still required to answer the charge. If sentence is indefinitely suspended the court loses jurisdiction, and a judgment subsequently entered is void.”
An important holding to the contrary is the United States Supreme Court’s in Miller v. Aderhold (288 U. S. 206, 210) where it is said that, while indefinite or overlengthy postponement is unlawful, it gives the defendant no rights at least unless he has moved for timely sentencing, since his failure so to move is a consent or waiver. But the Miller holding is not binding on us and seems at war with concepts prevalent in this State especially since our State nowhere imposes on a defendant any duty to demand sentence and the question of retention or loss of jurisdiction should not depend on activity or nonactivity of defendant. Furthermore, a waiver is an intentional relinquishment of a known right and there is no proof here of any such intention of this relator. Actually, as will appear, the matter of the outstanding charge had been called to the attention of the prosecutor who took no action.
Relator, by the sentence which he is here attacking as void, was sentenced in November, 1959 to imprisonment for a term of *378 1% to 3 years on Ms plea of guilty, entered on February 10, 1953, to the crime of robbery, second degree. Interim events, some of which have a bearing on our problem, will now be described. The crime for which relator was sentenced in 1959 was committed on January 1, 1953 when he was 17 years old, and the indictment was for robbery, first degree. After a plea of guilty the court set April 9,1953 for sentencing. Meanwhile, in March of that year, relator had been tried on another robbery indictment but a mistrial had been declared in that other case, after which the Bronx County Court, where these two robbery charges were pending, ordered relator transferred to Westchester County. In the latter county he pleaded guilty to still another robbery charge and was sentenced therefor in early 1953 to the Elmira Reception Center for an indefinite term not to exceed 5 years. Later in 1953 he was transferred to the New York State Vocational Institute in West Coxsackie, N. Y. On arrival at West Coxsackie the Superintendent of the institution wrote to the Clerk of the Bronx County Court as to the disposition of certain warrants which had been lodged as detainers against relator, one of these being based on the 1953 indictment with which we are concerned. Apparently, there was no reply to this request or action on it and later, and before relator was released on parole from West Coxsackie in October of 1955, the authorities at that institution again wrote to the Bronx County District Attorney’s office requesting information as to the disposition of his indictment. The District Attorney was notified in that letter that if any action was to be taken on the 1953 indictment an officer should be sent to West Coxsackie to pick up relator when he should be released. The District Attorney replied by requesting that the warrant be returned to his office. At tMs point relator had reason to believe and apparently believed that the 1953 indictment and plea had been abandoned and that he was not to be sentenced thereon.
Relator was on parole from West Coxsackie for a year and a half, then was returned as a parole violator, then was released in April, 1958 at the expiration of the maximum term for which he had been sent to the institution. After being free for some months, he was rearrested on other charges to which he pleaded guilty and at this point was brought in for sentence on the old 1953 indictment. The sentence was probation for 5 years but *379 because of parole violations relator again came before the Bronx County Court and on November 19, 1959, 6% years after his plea, received the sentence which he is now serving and which he asserts is void.
This State has a strong policy against unreasonable delays in criminal causes and it has been enforced to the full (see People v. Wilson, 8 N Y 2d 391). No reason appears why it should not be enforced here. Sentencing is the entry of judgment in a criminal cause. It is a part of the judicial process and, as explained in the above-cited cases from other jurisdictions, it is in the absence of compelling reasons inconsistent and disorderly to defer that part of the process. We need not stop to inquire what factors justify long delays in sentencing because we find here nothing that the law would accept as a reason. Not only orderly administration of the courts and the public interest therein demand prompt disposition of these matters but a convicted defendant also has an enforcible interest in having judgment pronounced. Until such pronouncement he cannot be eligible for pardon or commutation of sentence, and deferment of imprisonment puts off the time when he can serve his term and return to society or can be eligible for parole. In this case the sentence if promptly announced in 1953 could not have sent relator to prison since he was but 17 years old. Lack of a judgment prevents an appeal. For all these reasons we think the better rule is that a long and unnecessary failure to sentence is not only an error but results in lack of jurisdiction. If sentencing can be delayed 6 years without failure of jurisdiction, it can be delayed forever.
We cannot list in advance all the circumstances which will justify long delays. We know that they are unavoidable in many instances. The rule we make is to be applied to extremely long and unreasonable delays only.
The order appealed from should be reversed and the prayer of the petition granted.
Judges Dye, Froessel, Van Voorhis, Burke and Foster concur; Judge Fuld concurs in result only.
Order reversed and matter remitted to Special Term for further proceedings in accordance with the opinion herein.