■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID GEORGE NEWCOMBE, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered May 28, 1962 upon his plea of guilty on July 22, 1958, convicting him of attempted grand larceny in the second degree, and imposing sentence. Judgment reversed on the law; indictment dismissed; and defendant discharged. No questions of fact were considered. The defendant was indicted by the Grand Jury of Suffolk County on June 25, 1958 for burglary in the third degree and grand larceny in the second degree. On July 22, 1958, he pleaded guilty to the reduced charge of attempted grand larceny in the second degree, in satisfaction of all counts of the indictment, and was released on bail to await sentencing on September 16, 1958. On August 18, 1958, the defendant was arrested by Federal authorities for violation of Federal law, was thereafter convicted of these charges on his plea of guilty, and was sentenced to serve a term of four years imprisonment at the United States Penitentiary at Atlanta, Georgia. He completed the service of this sentence on February 17, 1962; and, pursuant to a detainer warrant filed with the Federal authorities, he was returned to Suffolk County for sentencing upon his plea of guilty of July 22, 1958. He was sentenced on May 28, 1962. While in Federal custody, the defendant had demanded that he be sentenced on the Suffolk County charges; and, toward that end, he had petitioned for a writ of *habeas corpus ad prosequendum*. The District Attorney opposed the application; and the defendant's effort in that direction was unsuccessful. In November, 1960 defendant had made an application to dismiss the Suffolk County indictment on the ground that he had been deprived of a speedy trial. That application was also denied; and, on appeal, this court affirmed, "without prejudice, however, to the right of the defendant, if so advised, to renew his claim on any appeal which he may take from the judgment entered after he has been sentenced" (16 A D 2d 669). On the present appeal from the judgment, the defendant has availed himself of such right and renews the claim that he has been denied a speedy trial. In our opinion, the long and unnecessary delay of almost four years before sentence was imposed by the County Court of Suffolk County resulted in a loss of that court's jurisdiction; hence, the judgment which it subsequently rendered is void (*People ex rel. Harty* v. *Fay*, 10 N Y 2d 374; *Matter of Hogan* v. *Bohan*, 305 N. Y. 110, 112; *People* v. *Cioffi*, 1 N Y 2d 70, 72). The fact that during much of the period of delay the defendant was being held in a Federal penitentiary outside the State of New York affords neither an explanation for the delay nor an excuse, since he could have been produced in the State court upon request, provided only that he was thereafter returned to Federal custody (U. S. Code, tit. 18, § 4085; *People* v. *Piscitello*, 7 N Y 2d 387, 389; *People* v. *Peters*, 16 A D 2d 171, 173). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.