Samuel J. Silverman, J.
The defendant moves for an order dismissing this indictment on the ground that this court has lost jurisdiction by reason of an extremely long and unreasonable delay in sentencing defendant, and apparently in the alternative for an order directing the return of defendant from Michigan State Prison to this court for final disposition of the indictment.
Defendant was convicted in Michigan in 1945 on two charges of conspiracy and armed robbery and was sentenced to serve concurrent terms of 4% to 5 years and 25 to 50 years. The Michigan Supreme Court affirmed the convictions on October 4, 1948. Defendant, however, had absconded from the State of Michigan.
*773 He was arrested and indicted in Bronx County in 1951 under the present indictment. In July, 1951 defendant pleaded guilty to grand larceny, second degree. On July 26, 1951, when defendant came up for sentence, the Bronx County Court deferred sentence and directed that this defendant be handed over to the Michigan authorities to serve the two outstanding sentences. Apparently this was done at the suggestion of defendant’s attorney.
Shortly after August 22, 1951, defendant was returned to Michigan where he was first turned over to the Federal authorities and tried on a charge of unlawful flight to avoid confinement. On February 12, 1952, the Federal court sentenced him to five years’ imprisonment to run concurrently with his Michigan State sentences, saying that in view of the long sentences which were outstanding against defendant in Michigan courts, under which Michigan could hold defendant until he was 94 years old, there was no point to sentencing defendant to a Federal penitentiary. Defendant has been confined in Michigan State Prison since February, 1952.
This is the third application made by this defendant to terminate or bring this Bronx County indictment to a judgment.
In May, 1960 a motion was made to withdraw the warrant lodged on this indictment against him in the State of Michigan, for permission to withdraw his guilty plea or alternatively that judgment be imposed upon him. This application was denied by Judge Schulz of the then Bronx County Court on the ground that although sentence had been improperly deferred, there was no legal basis for withdrawal of the warrant of this court lodged against defendant in Michigan, and that this court had no power to direct the appropriate Michigan authorities to return this defendant to The Bronx.
In 1961, the Court of Appeals in People ex rel. Harty v. Fay (10 N Y 2d 374 [1961]) held that a long and unnecessary delay in sentencing results in a loss of jurisdiction by the court. Thereafter, in February, 1962 defendant made a motion to dismiss this Bronx County indictment on the ground that the court had lost jurisdiction. This motion was denied by Mr. Justice Koux, who said that the Marty case was inapplicable since in Marty the defendant was confined in a New York State prison and so subject to being produced for sentence at any time. Mr. Justice Kobn went on to say: ‘ ‘ Unless the moving defendant herein proves to the satisfaction of this court that the State of Michigan is willing to have him sentenced in the Bronx County Court or other legal process is available for the *774 defendant’s production in this court, he cannot obtain the relief he seeks ”.
Defendant now moves a third time for this relief and this time his attorney submits letters from the Department of Correction of the State of Michigan and the Attorney-General of the State of Michigan to the effect that the State of Michigan would honor an appropriate court order requesting that the authorities of Bronx County be granted temporary custody of defendant for the purpose of imposing sentence, the order to specify that the prisoner would be returned to the jurisdiction of the State of Michigan before beginning service of any sentence that may have been imposed by New York authorities, New York of course to pay the expense of transportation. Defendant offers to pay the expense of transportation.
Mr. Justice Korx’s decision was expressly made subject to a showing that Michigan would return defendant for questioning.
It now has been shown that Michigan would return defendant on request of this court.
But it follows from that same showing that Michigan would probably have been willing to return defendant at any time that this court requested it.
In People ex rel. Harty v. Fay (supra) the long and unnecessary delay in sentencing was something over six years. In the present case, the delay is over 12 years. People v. Newcombe (18 A D 2d 1087 [2d Dept., 1963]) decided since Mr. Justice Kobx’s decision, applies the Harty doctrine to a case where defendant was serving a term of imprisonment in a Federal penitentiary in Atlanta during the period of delay, holding that to be neither an explanation nor excuse “ since he could have been produced in the State court upon request, provided only that he was thereafter returned to Federal custody ’ ’. This appears to be precisely the situation as to this defendant.
It appears to me that this court has lost jurisdiction of the case. I see no point to ordering a return of this defendant from Michigan to this court for sentencing when such sentencing would be without jurisdiction. Accordingly, in the interest of justice, this indictment is dismissed for lack of jurisdiction and the outstanding warrant from this court based on this indictment is vacated.