Hugh Carrol CESSNA, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 26, 1971.

**284** ◼ ▰▰▰▰▰▰▰▰▰▰

older, married, and had four children. Lynn and Shirley had been closer than friends before the incident occurred which resulted in the fatal shooting. They had been dating for over a year. Cessna had objected rather strenuously to this extra-marital relationship. On one occasion Cessna and Lynn had a fist fight, precipitated by Shirley's and the decedent's being together.

On the day the decedent was slain, the appellant had been searching for his wife for several hours. He found her about dark in a pickup truck with decedent in a secluded spot near Sebree, Kentucky. The appellant stopped his motor vehicle, and as he walked toward the truck he fired his pistol, the bullet striking the truck's windshield. The appellant went to the driver's side of the truck It is not clear whether the appellant or the decedent opened the door. Appellant fired two shots at Lynn, who later expired in a hospital. The medical testimony disclosed that the decedent had three distinct wounds: one a superficial wound on his chest; one in his shoulder; and one in his throat.

The appellant stated that when the truck door was opened the decedent grabbed the appellant's clothing and threatened to kill him. He testified it was at this point that he fired his pistol twice, one of the bullets penetrating the throat of the deceased. Appellant claimed self-defense.

Kenneth N. Ragland, Calhoun, John D. Miller, Owensboro, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Hugh Carrol Cessna was indicted for murder in the slaying of B. C. Lynn. He was convicted of voluntary manslaughter and his punishment fixed at two years in the penitentiary. Cessna appeals. We reverse.

Appellant Cessna, aged 25, was married to Shirley Cessna, aged 22. They had two children. The decedent, B. C. Lynn, was

◼ The trial court refused to permit the appellant to testify concerning previous threats made toward him by the decedent. This was prejudicial error, for the evidence should not have been excluded where self-defense was claimed. Under the circumstances in this case, with the wife involved, the evidence of prior threats was related to the events leading up to the fatal shooting. They were not too remote in time. It was competent to prove the statements that were made a reasonable time before the alleged crime, as certainly the threats made by the decedent to take the life of appellant tended to affect appellant's mental

state at the time of the shooting and justify his alleged fear. On another trial if this testimony is offered, it should be admitted. Carnes v. Commonwealth, Ky., 453 S.W.2d 595.

After the appellant had been arrested and given the Miranda warnings (Miranda v. Arizona, 384 U.S. 436 448, 86 S.Ct. 1602, 16 L.Ed.2d 694), the arresting officer requested appellant's wife to tell him what had happened. This was in the presence of the accused. The wife detailed the events as they occurred after the appellant arrived on the scene. The appellant remained silent, making no effort to refute the incriminating statements of his wife. The officer reduced these revelations to writing, and the court permitted this detailed, chronological statement to be read to the jury over the appellant's objection.

Appellants' wife had invoked the provisions of KRS 421.210 and refused to testify against her husband. The reading of her statement at the trial was, in essence, her testimony of the events that took place on that fatal late afternoon. Her statements strongly incriminated her husband.

■ The general rule is that such admissions or accusations are admissible if made in the presence of the accused when the accused had opportunity, or was reasonably called upon, to deny them, unless the circumstances were such that he was not free to contradict or counteract them because of fear, duress, or other restraining reasons. Lett v. Commonwealth, 284 Ky. 267, 144 S.W.2d 505.

■ In some instances, even though the accused may be in custody, the circumstances may be such as to call for a denial of incriminating statements of a third person made in his presence, so that if not denied, the statements may be admitted into evidence. Blanks v. Commonwealth, 223 Ky. 484, 3 S.W.2d 1105; Pierson v. Commonwealth, 229 Ky. 584, 17 S.W.2d 697; Morgan v. Commonwealth, 276 Ky. 476, 124 S.W.2d 735.

■ In the instant case, at the time the incriminating statements were made by appellant's wife, the appellant was under arrest and had been given the Miranda warnings. He had the right after that time to remain silent and answer no questions. He had no duty to respond to incriminating accusations made by any police officer or by his wife. The fact that the accused was under arrest and had benefit of the Miranda warnings was sufficient to render inadmissible the accusatory statements made in his presence even though he chose to remain mute. He, whether guilty or innocent, had the right under these circumstances to believe that silence while under arrest was conducive to his welfare.

It was error for the trial court under the circumstances in this case to admit the statements made by appellant's wife and read by the police officer to the jury.

■ The trial court committed no error in excluding the appellant's testimony that the decedent had the reputation of carrying a gun. The appellant was permitted to tell the jury that he knew that the decedent "usually always packed a gun," and further testified, "I've seen him with a weapon." Appellant's defense would not have been bolstered had he been permitted to testify as to the decedent's reputation of carrying a gun, because it would be his knowledge of the fact that decedent frequently carried a deadly weapon, rather than decedents' general reputation of so doing, that would affect appellant's actions.

The appellant moved for a mistrial after it was discovered that two of the jurors had been parties along with other members of a church group in a lawsuit practiced by the Commonwealth's attorney. The trial court overruled this motion. As this doubtless will not occur at another trial, we need not determine the issue.

■ The argument that the trial court committed reversible error in overruling appellant's motion to dismiss the indictment

based upon unreasonable delay in rendering judgment upon the jury verdict has no merit. Counsel for the appellant, as well as the trial judge, was under the impression that a timely judgment had been entered. In fact, appellant had made a motion for a new trial and had filed an appeal to this court. We dismissed that appeal as there was no judgment of conviction in the original record. The trial court entered judgment eight days later, from which judgment appellant prosecutes this appeal. The appellant did not seek prior entry of the judgment by proper proceedings. The delay under the circumstances was not unreasonable.

The judgment is reversed, with directions that appellant be granted a new trial.

All concur.