OPINION OF THE COURT
Angela M. Mazzarelli, J.
Defendant moves for dismissal of the superior court infor *333 motion on the ground that a delay of over two years in imposing sentence violates CPL 380.30 (1) and deprives this court of jurisdiction. The People have failed to respond to defendant’s motion, or otherwise deny his allegations; therefore the facts asserted by the defendant are deemed conceded. (See, People v Gruden, 42 NY2d 214, 216 [1977].)[1]
PROCEDURAL HISTORY
Leon Jordan was arrested on March 11, 1988, and charged with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), a class B felony. On March 17, 1988, before a different Justice of this court, defendant entered a plea of guilty to the lesser included offense of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [12]),[2] a class C felony. Although the promised sentence was six months in jail, the defendant was released on his own recognizance upon the condition that he would receive a sentence of 1 to 3 years in State prison if he failed, inter alla, to return for sentence. The matter was adjourned to April 25, 1988 for sentence.
Defendant failed to appear for sentencing and the court immediately issued a bench warrant for his arrest. The entry on the court file for that day also reflects that the court directed the "D.A. to produce” defendant. According to defense counsel’s affirmation, defendant was not present in Part N for sentencing because on April 19, 1988 he had been sentenced to six years’ incarceration in the United States District Court for the Southern District of New York. Defense counsel does not allege that he made this information explicitly known to the People and to the court. However, the presentence investigation report, which was available in court on April 25, 1988, contained a handwritten addendum concerning the defendant’s whereabouts. Specifically, it stated, "[defendant] is known to U.S. District Court on Special Parole *334 Status to P.O. Malkin as of 2/7/86 on a narcotics charge. Failure to report and rearrest had him brought into U.S. Custody on a V.O.P. as of 4/19/88. Maximum] Separation] is 2/6/92. Expectation is that he will be incarcerated for the remainder of that time.”
It appears that a detainer for this case was lodged with the authorities at the Federal Correctional Institution at Ray-brook on May 19, 1990. Upon his release from Federal custody on July 13, 1990, the defendant was returned on the bench warrant in Part AR-3 of New York City Criminal Court. The defendant appeared in Part N on July 16, 1990, whereupon the bench warrant was vacated, and the defendant released on his own recognizance pending resolution of this motion.
CONCLUSIONS OF LAW
CPL 380.30 (1) provides that "[s]entence must be pronounced without unreasonable delay.” As explained in the Practice Commentary, the enactment of this statute altered the practice under the prior Code of Criminal Procedure, which had a more rigid time frame for sentencing. Although the new statute is "more flexible,” and "there is still no maximum time limitation,” an inordinate and unnecessary delay between conviction and sentencing can divest the court of jurisdiction. (See, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 380.30, at 152 [1983].)
In determining whether there has been "unreasonable delay” the courts of this State have looked not only at how much time has passed between conviction and sentence, but the circumstances surrounding the delay. In People v Drake (61 NY2d 359, 366-367 [1984]), the Court of Appeals identified three typical categories of delayed sentencing cases: (1) An extended delay which has no explanation constitutes unreasonable delay; (2) An unprotracted delay for which there is a plausible explanation does not constitute unreasonable delay; (3) An extended delay for which there is a plausible explanation requires a balancing of several factors by the court. (See also, Matter of Weinstein v Haft, 60 NY2d 625 [1983]; People ex rel. Harty v Fay, 10 NY2d 374 [1961]; People v Miller, 130 AD2d 449 [1st Dept 1987]; Matter of Root v Kapelman, 67 AD2d 131 [1st Dept 1979]; People v Battles, 150 AD2d 785 [2d Dept 1989]; People v Headley, 134 AD2d 519 [2d Dept 1987]; People ex rel. Dinitz v Hunter, 130 AD2d 533 [2d Dept 1987]; People v Monaghan, 34 AD2d 815 [2d Dept 1970]; People v Newcombe, 18 AD2d 1087 [2d Dept 1963].)
*335 There exists a fourth potential kind of delayed sentencing case: a relatively unprotracted delay for which no explanation whatsoever, plausible or otherwise, has been proffered by the People. This possibility has not, heretofore, been explicitly addressed by the appellate or trial courts of this State. However, in light of the clearly and oft articulated view of the Court of Appeals that "[t]his State has a strong policy against unreasonable delays in criminal causes” which "has been enforced to the full” (People ex rel. Harty v Fay, supra, at 379), it appears that an unprotracted delay, if totally unexplained, would constitute "unreasonable delay” within the meaning of CPL 380.30 (1).
It remains then for the court to decide which of the four models applies to the case at bar. In order to do so, the court must first determine whether the delay here was "extended” or "unprotracted.” This question is not one which lends itself to a fixed, or "bright-line”, answer. Delays of 12 months (People v Gibson, 39 AD2d 947 [2d Dept 1972]), 19 months (People ex rel. Weingard v Casscles, 40 AD2d 530 [2d Dept 1972]), and 17 months (People v Randolph, 85 Misc 2d 1022 [Sup Ct, Queens County 1976]) have been held permissible. However, in each of those cases a plausible explanation was proffered for the delay. In Drake (supra), where the delay was 39 months, the Court of Appeals remanded for a hearing to determine whether the "unreasonable delay” was excusable. Indeed, as the cases make clear, it is difficult to assess the unreasonableness of a mere passage of time without consideration of the explanation proffered for the delay. Suffice it to say that the 27-month delay in the case at bar is relatively unprotracted when compared to the delays of as much as 13 years which have been excused by other courts.
 In the case at bar, the People have never offered any explanation for this unprotracted delay of 27 months. It is uncontroverted that the People knew defendant was in Federal custody and could have been produced for sentencing by the People had they petitioned for a writ of habeas corpus ad prosequendum. (See, People v Newcombe, supra [defendant sought writ].) Although Mr. Jordan did not himself make any efforts to be timely produced for sentencing, as the defendant did in Newcombe, the Court of Appeals has unambiguously held that the law does not impose such a burden on the defendant. (People v Drake, supra, at 366; People ex rel. Harty v Fay, supra, at 377.) Thus, this case falls within the fourth model of delay cases discussed above. Accordingly, the court *336 holds the delay at bar is presumptively "unreasonable delay” within the meaning of CPL 380.30 (1), and the superior court information is dismissed.
The court additionally notes that if defendant’s motion were denied, on the face of the probation report, the court could not impose sentence without first offering to vacate defendant’s plea of guilty. Apparently defendant’s initial plea bargain with another Justice of this court was illegal inasmuch as the defendant appears to have been a second felony offender at the time he committed this offense.

. On September 5, 1990, acknowledging prior receipt of defendant’s motion, the People had no response papers. Again, on September 19, 1990, the People had no response papers, nor did the People proffer any reason for their failure to respond. Accordingly, defendant’s motion is decided on default.

. The filing of a superior court information charging a violation of subdivision (12) of Penal Law §220.16 rather than subdivision (1), as originally charged in the felony complaint, appears to have been an error. However, given the disposition of defendant’s motion, the court need not decide what significance, if any, to attach to this discrepancy.