OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*980 Defendant, a bank loan officer, was convicted of larceny by false pretenses for obtaining money from the bank by intentionally making material misrepresentations on which the bank relied in transferring the funds to him (see, Penal Law § 155.05 [2] [a]; People v Drake, 61 NY2d 359, 362; People v Churchill, 47 NY2d 151).
Defendant’s conviction is sustainable on the basis of the ample circumstantial evidence that he and a coconspirator colluded to deceive the bank while appearing to comply with its procedures and loan requirements. Among other things, the evidence showed that, with defendant’s knowledge, the coconspirator intentionally made false representations and misstatements on loan applications. Defendant then proceeded to misrepresent his coconspirator’s financial status to colleagues at the bank, inducing them to coapprove the loans beyond the limit of defendant’s own lending authority. There was additional evidence that, by initialing his approval on checks drawn on his coconspirator’s overdrawn account, defendant induced colleagues to cash these checks.
Finally, the bank’s employee-agents testified that they had, in fact, relied on defendant’s misrepresentations as to his coconspirator’s credit standing in recommending that the bank approve his loans, all of which eventually went into default, and to cash his checks for considerable amounts on an account containing insufficient funds. Since the reliance of its agents may be imputed to the victimized bank (see, People v Termotto, 81 NY2d 1008 [decided herewith]; Oliner v Mid-Town Promoters, 2 NY2d 63, 64; Seneca Wire & Mfg. Co. v Leach & Co., 247 NY 1, 6), the People’s larceny charge was adequately established. Defendant’s remaining contentions are lacking in merit.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed in a memorandum.