OPINION OF THE COURT
Troy K. Webber, J.
*600 Defendant, Jose Matias, by notice of motion dated June 4, 1999, moved for an order dismissing this case. The defendant argues that the case should be dismissed because the delay in sentencing resulted in the court’s loss of jurisdiction.
The defendant pleaded guilty to the crime of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09) on August 29, 1991. The promised sentence was probation. The defendant failed to appear on October 17, 1991, the date set for sentencing, and a bench warrant was issued. The defendant had been arrested and incarcerated in Maryland on or before October 9, 1991. According to the defense counsel, the defendant was released on parole on March 11, 1993. He was arrested in Kings County and charged with violating Penal Law § 220.03 on December 11, 1998. He pleaded guilty and was sentenced on January 4, 1999. On April 8, 1999, seven and one-half years after his 1991 plea, he was returned on the warrant issued by this court.
CPL 380.30 (1) mandates that the sentence of a criminal defendant “must be pronounced without unreasonable delay,” otherwise a sentencing court may be divested of its jurisdiction over the defendant. (See, People ex rel. Harty v Fay, 10 NY2d 374 [1961].) Where the delay, "however, between a guilty plea and the pronouncement of sentence “is caused by legal proceedings or other conduct of the defendant which frustrates the entry of judgment, it is excusable.” (People v Drake, 61 NY2d 359 [1984].) The People are not required to make efforts to apprehend an absconding defendant so as to avoid a loss of jurisdiction.
The People contend that the defendant is responsible for the delay because he chose not to return to court after March 1993. The People concede that a delay of one year can be attributed to them. In the cases relied upon by the People, the defendants were wholly responsible for the delay in sentencing. (People v Lopez, 228 AD2d 395 [1st Dept 1996], lv denied 88 NY2d 1022 [1996]; People v Purtell, 225 AD2d 496 [1st Dept 1996], lv denied 88 NY2d 940 [1996]; People v Davidson, 158 AD2d 317 [1st Dept 1990], lv denied 75 NY2d 965 [1990].) The defendants in those cases absconded, used aliases, or presented false pedigrees. For example, in Lopez (supra), the defendant absconded twice after providing different names and birth dates in connection with his September 1987 plea of guilty. The Court held that the defendant was responsible for the delay until October 1992, when the State authorities were notified by Federal authorities that the defendant was in their custody for conspiracy to import cocaine.
*601 In this case, there is no evidence that the defendant caused the delay in sentencing by absconding or by using an alias, or presented false pedigrees, etc. Indeed, the defendant is responsible for the delay from October 17, 1991 to March 1992, since he was rearrested in Maryland and the People had no knowledge of his whereabouts. However, the People are responsible for any delay after March 26, 1992. On that date, the Eastern Correctional Institution in Westover, Maryland, notified the New York County District Attorney’s office that the defendant was incarcerated and serving a two-year sentence for the offense of possession with intent to distribute. Additionally, the letter stated that “in the event of an outstanding warrant on the charge(s), you are requested to lodge a warrant of detainer against the subject within forty-five days after receipt of this correspondence.” The letter included the defendant’s pending case in New York County, SCI 9228-91. The defendant annexed a copy of said letter to his motion. Although the letter was directed to the New York County District Attorney’s office, the incorrect prosecutor, the Office of Special Narcotics Prosecutor responded on May 19, 1992.
Thus, as of March 26, 1992, the People had actual knowledge of the defendant’s location and took no action to apprehend the defendant. In fact, on May 19, 1992, the Office of Special Narcotics Prosecutor sent a letter to the Eastern Correctional Institution in Westover, Maryland, informing them that they would not extradite the defendant and would lift any detainers that may have been lodged by the central warrants division and have the defendant removed from the National Crime Information Center. The defendant annexed a copy of said letter to his motion. The defendant correctly asserts that the People failed to ask the Maryland authorities to return the defendant to their custody upon completion of his sentence or to even notify them of the completion of his sentence.
As such, the delay in sentencing the defendant was not attributable to the defendant. Contrary to the People’s argument that the defendant should have returned to court after he was released, the defendant had reason to believe that the October 1991 plea had been abandoned and that he was not to be sentenced thereon. (See, People v Fay, supra, 10 NY2d, at 379.) Moreover, “our State nowhere imposes on a defendant any duty to demand sentence and the question of retention or loss of jurisdiction should not depend on activity or nonactivity of defendant.” (Supra, at 377.) Mr. Matías was not required to take affirmative measures and demand that the court sentence *602 him; that burden rests solely with the State and its agents. (See, People v Drake, supra, 61 NY2d, at 367.)
The delay from March 1992 to April 8, 1999, seven years, is unreasonable. The People have not presented any facts excusing the delay. As such, the indictment must be dismissed.
Based upon the aforesaid, the defendant’s motion to dismiss is granted.