THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL ROBINSON, Appellant. [893 NYS2d 50]—

The court properly denied defendant's motion to dismiss the indictment, made on the ground of delay in sentencing (see CPL 380.30 [1]; *People v Drake*, 61 NY2d 359, 364-367 [1984]). The 11-year delay between plea and sentence was "attributable almost entirely to defendant's conduct" (*People v Maldonado*, 52 AD3d 344, 345 [2008], *lv denied* 11 NY3d 790 [2008]).

Defendant concedes that he was initially responsible for the delay because he failed to appear for sentencing in 1997. However, he argues that the People had opportunities to produce him when he was arrested in New Jersey in 1999 and in Pennsylvania in 2005, but they failed to do so, and should therefore be charged with all the subsequent delay. We reject this argument, because after his brief incarcerations in those states defendant remained at large and continued to disregard his legal duty to present himself for sentencing in New York (see id.). In any event, with respect to the New Jersey arrest, there is no evidence that law enforcement authorities in New York learned of it until after defendant had already been released and had absconded again. With respect to the Pennsylvania arrest, the People made reasonable efforts to bring defendant to New York by way of a prompt request for extradition, but never had a reasonable opportunity to follow up on that request because, after only 10 days in custody, defendant yet again was released and absconded.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Abdus-Salaam, JJ.