■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS DIAZ, Also Known as CARLOS VICTOR-SANCHEZ, Appellant. [50 NYS3d 865]—

Appeal from judgment, Supreme Court, New York County (Lewis Bart Stone, J., at plea; Larry R.C. Stephen, J., at sentencing), rendered October 23, 2013, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of two to four years, held in abeyance pending the trial court's hearing and decision on defendant's pro se motion to dismiss the indictment on the ground of unreasonable delay in sentencing.

Defendant was arrested in 2004 and pleaded guilty in 2005, but was not sentenced until 2013. In 2013, defendant moved pro se to dismiss the indictment, citing the nearly nine-year delay between his plea and his sentencing. This delay was originally the result of defendant's failure to appear for sentencing, followed by his Westchester County robbery arrest and conviction under a different name and date of birth. In opposing defendant's motion, however, the People conceded that by 2009 they had learned that defendant was in state custody.

Defendant contends on appeal that the delay between 2009

and 2013 was excessive and lacked a plausible excuse. Accordingly, defendant concludes, the delay violated his right to prompt sentencing under CPL 380.30 (1), thus depriving the court of jurisdiction and requiring dismissal of the indictment (*see People v Drake*, 61 NY2d 359, 364-367 [1984]).

The People argue that defendant has not preserved his claim regarding violation of his right to prompt sentencing. This argument is unavailing, in light of defendant's 2013 motion for postjudgment relief from his drug conviction. The sentencing court never addressed the motion during the sentencing proceeding. Thus, under the unique circumstances presented here, the People did not have an adequate opportunity to respond to the issues raised in defendant's motion. Accordingly, we remand the matter to Supreme Court for a hearing and decision on that motion. Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.