People v Gerson (2024 NY Slip Op 04918)

People v Gerson

2024 NY Slip Op 04918

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Moulton, Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Ind. No. 427/18, 1141/18 Appeal No. 2715 Case No. 2022-01519 

[*1]The People of the State of New York, Respondent,
v
James Gerson, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Karen Brill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham Clott, J.), rendered August 6, 2021, convicting defendant, upon his pleas of guilty, of burglary in the first degree as a sexually motivated felony and criminal contempt in the first degree, and sentencing him to an aggregate term of six years, unanimously affirmed.
Defendant's purported waiver of his right to appeal was invalid. The court misleadingly suggested that the waiver was an absolute bar to taking an appeal and did not confirm on the record that defendant understood the written waiver that he signed (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bonilla, 211 AD3d 614, 615 [1st Dept 2022]).
Defendant's contention that the indictment should be dismissed because the delay between his plea and sentencing was unreasonable is unpreserved, and we decline to the address it in the interest of justice. As an alternative holding, we find that the delay was excusable, as it was occasioned by the COVID-19 pandemic, defendant's refusal to consent to appear virtually, and defendant's filing of motions to withdraw his plea (see People v Drake, 61 NY2d 359, 366-367 [1984]).
By not objecting to the absence of an updated presentencing report, and consenting to the sentencing proceeding, defendant waived his argument that the court improperly pronounced sentence in violation of CPL 390.20, and we decline to address it in the interest of justice. As an alternative holding, we find that although the court improperly pronounced sentence without an updated presentence report, defendant offers no relevant sentencing data not considered by the court prior to sentencing.
Defendant's ineffective assistance claim is unreviewable on direct appeal, as it involves matters not fully explained by the record. Thus, the claim should be raised by way of a CPL 440.10 motion (see People v Peyrefitte, 210 AD3d 438, 438 [1st Dept 2022]). To the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024