People v Alvarado (2025 NY Slip Op 25184)

[*1]

People v Alvarado

2025 NY Slip Op 25184

Decided on August 7, 2025

District Court of Nassau County, First District

Levine, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on August 7, 2025
District Court of Nassau County, First District

The People of the State of New York,

against
Carlos Ramirez Alvarado, Defendant(s)

Docket No. CR-018779-22NA

Anne T. Donnelly, District Attorney, Nassau County, Attorney for Plaintiff, 262 Old Country Road, Mineola, New York 11501, 516-571-3800
Nicholas J. Massimo, Esq., Attorney for Defendant, 250 Mineola Boulevard, Mineola, New York 11501, 516-998-3100

David I. Levine, J.

The following named papers numbered 3 submitted on this motion
Papers Numbered
Notice of Motion and Affirmation in Support 1
Affidavit and Memorandum of Law in Opposition 2
Reply Affirmation 3
The Defendant was charged with violating PL §§ 120.05, 120.00 and 190.23 and subsequently arraigned on November 8, 2022. He was released by the Court with various conditions including electronic monitoring. 
On March 8, 2024, the Defendant pled guilty to PL § 120.00(2), a class A misdemeanor. The sentence commitment from Judge Vincent Muscarella, was two (2) years of probation.[FN1]
A pre-sentence report (PSR) was ordered and prepared.
Prior to the scheduled sentencing date of April 30, 2024, the Defendant was apprehended by the Federal Government (ICE) and detained pending deportation.
The matter has been adjourned numerous times by this Court for the Defendant to be [*2]produced for sentence without success.[FN2]

Defense counsel has moved this Court to grant relief pursuant to CPL §§ 170.30(1)(f) and 380.30.
CPL § 380.30 states in pertinent part:
1. In general. Sentence must be pronounced without unreasonable delay.
2. Court to fix time. Upon entering a conviction the court must:
(a) Fix a date for pronouncing sentence; or
(b) Fix a date for one of the pre-sentence proceedings specified in article four hundred; or
(c) Pronounce sentence on the date the conviction is entered in accordance with the provisions of subdivision three.
3. Sentence on date of conviction. The court may sentence the defendant at the time the conviction is entered if:
(a) A pre-sentence report or a fingerprint report is not required; or
(b) Where any such report is required, the report has been received.
A defendant is entitled to be promptly sentenced after conviction; entry of judgment may not be "indefinitely deferred or postponed." Failure to promptly sentence a defendant will result in a loss of jurisdiction. People v. Drake, 61 NY2d 359, 364 (1984).[FN3]

Failure to pronounce sentence after a delay of as little as a year can result in dismissal. People v Keller, 238 AD2d 758 (3d Dept 1997).
Failure to timely produce a defendant held in federal custody will result in a loss of jurisdiction. People v Newcombe, 18 AD2d 1087 (2d Dept 1963).
Failure to timely produce a defendant held in another state will result in a loss of jurisdiction. People v Green, 40 Misc 2d 772 (Sup Ct, Bronx County 1963)
The passage of time standing alone does not bar imposition of sentence or require a defendant's discharge. If the delay is caused by legal proceedings or other conduct of the defendant which frustrates the entry of judgment, it is excusable. Drake supra, at 366. Likewise, an absconding defendant cannot claim benefit due to his misfeasance. Root ex rel Tantao v Kapelman, 67 AD2d 131 (1st Dept 1979); People v. Battles, 150 AD2d 785 (2d Dept 1996).
"[T]he New York rule assumes the defendant has been prejudiced by unreasonable delay . [*3]. . He need not prove it. Nor is he required to take affirmative measures and demand that the court sentence him . . . That burden rests solely with the State and its agents. . . . " Drake supra, at 367, see, also People v. Hatzman, 218 AD2d 185 (4th Dept 1996)
In the case at bar, the Government was promptly notified that the Defendant was detained by ICE as well as his location within the United States. To its credit, the District Attorney's (DA) office obtained writs signed by various acting New York Supreme Court justices. From there the trail muddies: It does not appear that the DA's Office or the Sheriff's Office made efforts to present those writs to a federal judge or other federal agency in order to obtain the Defendant's appearance.
In May 2025, when the Government finally arranged to procure the Defendant's presence, the Nassau Sheriff's Department refused to comply and declined to retrieve the Defendant. No reason was provided for their refusal.[FN4]
Given the Sheriff's disinterest in retrieving the Defendant, the length of the delay less important in reaching a decision in the case at bar than other factors. 
While a delay due to ongoing legal proceedings in the ICE Court would be excusable, no evidence has been presented by the Government that any hearing has been scheduled or held. Or, that any impediment existed to returning the Defendant to New York to be sentenced. No evidence has been presented to this Court that the detaining agency required the Defendant to remain exclusively in their custody.[FN5]

As such, given these case-specific factors, including the refusal by the Nassau County Sheriff's Department to facilitate the Defendant's temporary return to Nassau, the Court is compelled to grant the Defendant's motion to dismiss pursuant to CPL §§ 170.30(1)(f) and 380.30.
So ordered.
DISTRICT COURT JUDGE
Dated: August 7, 2025

Footnotes

Footnote 1: Given the Defendant's status as a federal detainee, the promised sentence would no longer be appropriate.

Footnote 2: The Government's contention that this Court may sua sponte sentence the Defendant in absentia is not supported by the Criminal Procedure Law or caselaw.

Footnote 3: "The rule followed is not unlike that underlying speedy trial rules generally. Indeed, many State and Federal courts, relying upon dictum in Pollard v United States (352 U.S. 354), hold that the Sixth Amendment guarantee of a speedy trial applies to postconviction proceedings as well and apply the speedy trial criteria set forth in Barker v Wingo (407 U.S. 514), i.e., the length of the delay, reason for the delay, the defendant's assertion of the right and prejudice to him, to assess claims of unreasonable delay in imposing sentence (see, e.g., Gonzales v State, [*365] 582 P2d 630 [Alaska]; Reed v State, 295 A2d [****13] 657 [Me]; State v Cunningham, 405 A2d 706 [Del]; United States v Reese, 568 F2d 1246; Cessna v Commonwealth, 465 SW2d 283 [Ky]; Erbe v State, 276 Md 541). . . . " Drake supra at 364-365.

Footnote 4: See, People's Affidavit in Opposition, exhibit #1.

Footnote 5: The fact that defendant, who had been taken into custody January 18, 1955, a date prior to the indictment, was being held in the Federal detention headquarters, . . . awaiting disposition of certain Federal charges, affords neither explanation nor excuse, since he could have been produced in the State court upon request, provided only that he was returned to Federal custody (US Code, tit. 18, § 4085). People v. Piscitello, 7 NY2d 387, 389 (1960).