People v Martinez (2025 NY Slip Op 51645(U))

[*1]

People v Martinez

2025 NY Slip Op 51645(U)

Decided on October 10, 2025

Criminal Court Of The City Of New York, New York County

Zarabi, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 10, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York

against
Lazaro Martinez, Defendant.

Docket No. CR-079054-15NY

For the Defendant: Twyla Carter, Esq.
(Veronika Edwards, of Counsel)
For the People: Alvin Bragg, District Attorney, New York County
(Stephen MacArthur, of Counsel)

Shirin I. Zarabi, J.

On June 14, 2016, the defendant was convicted by guilty plea of Operating a Motor Vehicle While Intoxicated (Vehicle and Traffic Law [VTL] §1192[3]) and sentenced that same day to a conditional discharge (CD). On April 9, 2025, a declaration of delinquency for violation of the CD (VOCD) was filed. The defendant moves for an order dismissing the VOCD, asserting that the court has lost jurisdiction over him due to undue delay in sentencing. The People have not submitted a formal response. In an email to defense counsel, however, they indicated that while they do not oppose dismissal of the VOCD, they do not adopt or concede the defense's legal arguments.
I. Factual and Procedural Background
On December 9, 2015, court records show, the defendant was arraigned on the aforementioned offense and Unauthorized Use of a Vehicle in the Third Degree (PL §165.05[1]), Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree (VTL §511[1][a]), Operating a Motor Vehicle While Impaired by Alcohol (VTL §1192[1]), and Unlicensed Driving (VTL §509[1]). He was released on his own recognizance (ROR).
Upon his aforementioned plea of guilty on June 14, 2016, he was sentenced to a one-year CD, conditioned upon installation of an ignition interlock device, payment of a $500 fine, and a six-month suspension of his driver's license. The case was adjourned to August 16, 2016, for compliance.
On October 18, 2016, the court issued a bench warrant for the defendant's arrest, a fact that defense counsel acknowledges. The defendant had failed to comply with any of the imposed conditions.
Defense counsel has provided the court with records (see Defendant's Exhibit B) obtained via the federal Freedom of Information Act showing that on December 9, 2016, the defendant was arrested and incarcerated in New Jersey on federal felony charges, conspiracy to distribute and possess with intent to distribute fentanyl. He was convicted and sentenced to [*2]imprisonment lasting until December 9, 2019, when he was paroled. He was re-incarcerated for a parole violation from October 13, 2023, through June 12, 2024 (see id.). The defendant contends that at neither of his releases from federal custody was he informed that there was a bench warrant for him in the instant matter. Furthermore, he notes that neither this court nor the New York County District Attorney's Office sought to extradite him during his federal incarceration. Defense counsel has provided the court with records showing that on February 6, 2018, the U.S. Department of Justice Federal Bureau of Prisons notified the New York County Criminal Court of the defendant's federal imprisonment for the aforementioned crime (see Defendant's Exhibit C). The defendant further contends that he only learned of the bench warrant when he was arraigned on April 4, 2025, for Unlicensed Driving (VTL §509[1]), People v Lazaro Martinez, Docket Number CR-010866-25NY.
II. Legal Analysis
The defendant argues that the court has forfeited its jurisdiction over this matter by failing to make any attempt to extradite him to adjudicate the VOCD from the federal prison during his incarceration there, amounting to a total of approximately 41 months (just under three and a half years). He relies on two Court of Appeals cases, People ex rel. Harty v Fay, 10 NY2d 374 (1961), and People v Drake, 61 NY2d 359 (1984), and their long progeny.
Harty held that courts have an obligation to avoid unreasonable delays in sentencing: "Not only orderly administration of the courts and the public interest therein demand prompt disposition of these matters[,] but a convicted defendant also has an enforceable interest in judgment pronounced" (id. at 379). Without such judgment, a defendant cannot be eligible for pardon or commutation of sentence or appeal (id.). The Legislature requires that "[s]entence must be pronounced without unreasonable delay" (CPL 380.30[1]). Unless the delay is excused, "the court loses jurisdiction over the defendant" (see People v Drake, 61 NY2d at 360). To avoid that end, the burden is on the prosecution and the court to arrange for the defendant's appearance as soon as possible for sentencing.
The defendant argues that extradition would have permitted him to seek a resentencing to jail time concurrent with the federal sentence or more time to satisfy the conditions of the CD after his release in New Jersey.
A significant obstacle to applying the Harty/Drake principle to this case is that there was no delay in the defendant's sentencing. The defendant was sentenced the same day his guilty plea was accepted by the court and judgment was entered. There was no bar preventing him from appealing his conviction or asking the court to resentence him to concurrent time with his federal sentence. All the cases relied upon by the defendant, or found by the court, involved unsentenced defendants, and none extend the relief sought here to a defendant already sentenced.
Therefore, the court rejects the defense argument that the VOCD should be dismissed on jurisdictional grounds. However, the People's decision not to oppose dismissal of the VOCD has convinced the court that it would not serve the interests of justice to penalize the defendant for his failure, many years ago, to satisfy his obligations under a one-year CD.
Accordingly, the defendant's motion is granted to the limited extent that the VOCD is dismissed.
This is the opinion and order of the court.
October 10, 2025
New York, NY
Shirin I. Zarabi, J.C.C