■ In the Matter of EDWARD H. INNET et al., Constituting the Town Board of the Town of Greenburgh, et al., Appellants, against JULIAN LIBERMAN et al., Constituting the Zoning Board of Appeals of the Town of Greenburgh, et al., Respondents. In the Matter of DON P. WALLACH et al., Appellants, against JULIAN LIBERMAN et al., Constituting the Zoning Board of Appeals of the Town of Greenburgh, et al., Respondents.— In a consolidated proceeding pursuant to article 78 of the Civil Practice Act, the Town Board of the Town of Greenburgh and certain residents of said town appeal from an order of the Official Referee, to whom the proceeding was referred to hear and determine, dated June 28, 1957 (1) confirming a determination of the zoning board of appeals of said town which granted a variance, and (2) dismissing the proceeding on the merits. The notices of appeal bring up for review an intermediate order dated March 16, 1957. The zoning board granted the application of respondent Bobandal Realties, Inc., to construct a swimming pool having an area of 12,000 square feet, and large enough to accommodate 700 bathers at one time, on a parcel known as 37A as a use accessory to that of a restaurant conducted on adjoining parcel 19A. Both parcels are in a residential use zone as established by an ordinance effective in May, 1924 and continued in the present successor ordinance effective in September, 1932. Order dated June 28, 1957 reversed, with costs payable by respondent Bodandal Realties, Inc., determination of the Zoning Board of Appeals of the Town of Greenburgh annulled, and matter remitted to said board for further proceedings not inconsistent herewith. The zoning board had no power to grant the variance. As a prerequisite under subdivision (a) of section 4 of article 1 of the 1932 ordinance, power to grant the variance was conditioned on existence on September 29, 1932 of a lawful nonconforming use. There was no such nonconforming use. After the 1924 ordinance was in force one Schmidt purchased parcels 19 and 19A and used parcel 19A, with the frame building thereon, as a restaurant, which was a prohibited use. Patrons of Schmidt used adjoining parcel 37A, in conjunction with outings conducted at his restaurant, for various athletic activities. Such accessory use on parcel 37A, which Schmidt did not own until 1938, was also prohibited under the original and 1932 ordinances. Thus there never was a lawful nonconforming use of parcel 37A. Even if the original ordinance of 1924 could be disregarded, there was no lawful nonconforming use of parcel 37A prior to the effective date of the 1932 ordinance. The sporadic activities were insufficient to constitute a vested right to such use (cf. *People* v. *Miller*, 304 N. Y. 105). The then owner of parcel 37A had not consented to such outing use, and, in fact, in 1930 had petitioned the town board to take action to have discontinued the restaurant and outing operation on parcel 19A by Schmidt as violative of the 1924 ordinance. Even if the foregoing use of parcel 37A prior to September, 1932 could be regarded as a lawful nonconforming use, we would reverse the order and remit the matter to the zoning board for rehearing and reconsideration. Irrespective of proof adduced before the learned Official

Referee, the determination would be one to be made by the zoning board on the basis of proof before it and in the exercise of its discretion. Two factors were before the zoning board: (1) whether the proposed pool use was "in an equal or higher classification" than the accessory outing use, and (2) whether the variance was in harmony with the general purpose and intent of the zoning ordinance. The zoning board rejected proof as to depreciation of values of surrounding properties, refused to permit examination of the applicant, respondent Bobandal, and decided the matter on personal knowledge without setting forth the facts embraced in such knowledge. Appeals from order dated March 16, 1957 dismissed, without costs. No such order is printed in the record. Wenzel, Murphy, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., concurs in result.