■ CITY OF TONAWANDA, Appellant, v CITY OF TONAWANDA CIVIL SERVICE COMMISSION, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: We agree with appellant that, although the petition is inartfully drawn, a liberal reading thereof presents to the court the question of the propriety of the action of respondent Civil Service Commission in refusing to reclassify the position of fire chief from a competitive to an exempt one. We approve of the factual recitations and findings made by Special Term upon the pleadings and supporting papers. In this article 78 proceeding to review respondent's administrative determination, petitioner seeks to have Special Term retry the issues of fact as to the proper classification of the position of fire chief. Special Term properly declined to do so (Matter of Newbrand v City of Yonkers, 285 NY 164, 174; Matter of Del Vecchio v Tuomey, 283 App Div 955, 956, affd 308 NY 749; Matter of Innet v Liberman, 6 AD2d 875, 876; Matter of Teschner v Town of Pittsford, 129 NYS2d 803, 806-807, affd 285 App Div 851). We assume that the petitioner presented to respondent the pertinent facts upon which it then and now relies. Acting within its jurisdiction respondent determined the classification of fire chief. Indeed, respondent made that determination so long before petitioner began this proceeding that had the defense of the Statute of Limitations been interposed (CPLR 217) instead of being waived by not raising it (CPLR 3018, subd [b]), presumably the court would have dismissed the petition on that ground (Matter of Weinstock v Hammond, 270 NY 64; Matter of Hall v Leonard, 260 App Div 591, 595, affd 285 NY 719). Accepting as true the allegations of the petition as to the duties that the fire chief has in fact undertaken to perform, the provisions of the city charter are so explicit in placing the immediate charge of the fire department in the control and supervision of the common council and limit the fire chief's role and tenure to utter subservience to the council to such an extent that as a matter of law a hearing on the question of the duties actually performed by the fire chief could not lead to a finding that his position is that of a department head as defined in subdivision (e) of section 35 of the Civil Service Law. Special Term, therefore, was correct in deciding the case without a hearing and in concluding as a matter of law that the position of fire chief was properly classified as competitive. (Appeal from judgment of Erie Supreme Court in article 78 proceeding.) Present—Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KEVIN LEE HATZMAN, Appellant, v ERNEST L. MONTANYE, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed for the reasons stated at Wyoming County Court, Hanley, J. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present— Marsh, P. J., Moule, Mahoney and Witmer, JJ.