■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EUGENE P. GRIMMICK, on Behalf of NELSON ZAKRZEWSKI, Respondent, v W. WARREN McGREEVY, as Sheriff of the County of Rensselaer, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), entered July 30, 1987, which sustained a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

Nelson Zakrzewski (hereinafter petitioner) was sentenced in October 1978 to an indeterminate term of imprisonment of 0 to 15 years after pleading guilty to first degree robbery. In June 1984 petitioner was released on parole which was to expire in June 1993. On November 10, 1986 a parole violation

warrant was issued as a detainer against petitioner, who had been arrested two days earlier and placed in the Rensselaer County Jail. Following a final revocation hearing in January 1987, a Hearing Officer of the State Division of Parole issued a determination finding that petitioner had violated the conditions of his parole and recommended: "Delinquency date of 11/8/86 is amended to 7/27/86. Revoke parole. * * * Return when available and hold one year prior to Board consideration." On February 10, 1987 a final decision notice was issued wherein a member of the Board of Parole approved the Hearing Officer's recommendation.

On July 27, 1987 petitioner petitioned for a writ of habeas corpus, claiming that he should be immediately released because a year had passed since his delinquency date and he had not been considered by the Board for reparole. County Court granted the writ and ordered that petitioner be immediately released from jail and restored to parole supervision. This appeal by respondent ensued. We reverse.

While it cannot be disputed that the Board has the statutory authority to revoke parole and order reincarceration *(see,* Executive Law § 259-i [3] [f] [x]), the Board also has "the power to establish a minimum period of incarceration for the parole violator before he [is] entitled to be considered for reparole" *(People ex rel. Coleman v Smith,* 75 AD2d 706, 707, *lv denied* 50 NY2d 804; *see,* 9 NYCRR 8005.20 [c] [1]; [d]). The Executive Law does not contain a limitation on the time period that may be imposed prior to Board consideration *(see, People ex rel. Matthews v New York State Div. of Parole,* 58 NY2d 196, 205). Accordingly, we reject petitioner's contention that the 12-month period within which the Board had to consider his petition for reparole commenced on July 27, 1986, his delinquency date. We hold that the one-year time period imposed by the Board did not begin on petitioner's delinquency date *(see, People ex rel. Gonzalez v Smith,* 104 AD2d 725) and a court may not properly move up the date of hearing for parole reconsideration in the absence of impropriety by the Board *(see, Matter of Ryder v New York State Bd. of Parole,* 87 AD2d 891, 892). Thus, it appears that at the time of petitioner's habeas corpus petition, filed one year after the delinquency date, petitioner was not entitled to be considered by the Board for reparole.

Next, we note that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence" *(Greenholtz v Nebraska Penal Inmates,* 442 US 1, 7). Therefore, the mere possibility of

receiving parole is not accorded due process protection *(supra, at 11; see, Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 73; *Matter of Newcomb v New York State Bd. of Parole,* 88 AD2d 1098, 1099, *lv denied* 57 NY2d 605, *cert denied* 459 US 1176). The Court of Appeals in *Matter of Russo v New York State Bd. of Parole (supra)* concluded that New York's statutory scheme is discretionary and "has given no guarantee to a convicted defendant that he will be considered for parole at the end of one third of his maximum sentence or at any particular time" *(supra,* at 75). Accordingly, petitioner only had a mere possibility of being released when considered by the Board for reparole rather than a legitimate expectation thereof.

Finally, because petitioner had merely the expectation of release at some undetermined time and not immediate release, a writ of habeas corpus is not appropriate *(see, People ex rel. Robinson v Fogg,* 105 AD2d 521; *see also, People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391; *People ex rel. France v Coughlin,* 99 AD2d 599). Thus, County Court acted improperly and in excess of its authority by granting petitioner habeas corpus relief.

Judgment reversed, on the law, without costs, and writ dismissed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.