■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KEVIN L. HATZMAN, Respondent-Appellant, v ROBERT H. KUHLMANN, as Superintendent of Sullivan Correctional Facility, Appellant-Respondent.—Weiss, J. Cross appeals from a judgment of the Supreme Court (Connor, J.), entered August 15, 1989 in Ulster County, which partially sustained a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, and directed respondent to compute petitioner's correct discharge date.

Commencing in 1967, petitioner has been convicted of several felonies. He has repeatedly challenged the sentences imposed upon those convictions by both habeas corpus and coram nobis proceedings. On April 1, 1980, an order of Supreme Court, Wyoming County, partially sustained a writ of habeas corpus and remanded petitioner to the County Court of Niagara County (hereinafter County Court) for further proceedings upon three 1967 convictions.* In that 1980 proceed-

---

* Petitioner had successfully challenged these same sentences previously in a 1971 coram nobis proceeding on the ground that he had not been advised of his right to appeal from his conviction upon a plea of guilty. On April 15, 1971, County Court resentenced petitioner nunc pro tunc, in absentia, to the same prison terms and provided that he be advised of his right of appeal.

ing, Supreme Court concluded that petitioner's subsequent resentencing in 1971 on his three 1967 convictions was not legal because it had been imposed upon him in absentia. The order, however, neither vacated the sentences nor released him from custody. Moreover, neither County Court nor the Niagara County District Attorney was ever informed of the proceeding or made aware of the April 1, 1980 order.

On March 9, 1989, petitioner commenced the instant proceeding for a writ of habeas corpus contending that he had not been properly resentenced by County Court on the three 1967 convictions. Petitioner claims that County Court lost jurisdiction to resentence him because of the nine-year delay following the 1980 order, and that he is therefore entitled to immediate release. He also challenges sentences on other unrelated convictions imposed in 1968, 1982 and 1983, as well as the computation of his conditional release date. Supreme Court, Ulster County, held that County Court had lost jurisdiction to resentence petitioner on the 1967 convictions. The court directed respondent to compute petitioner's correct discharge date. Finally, Supreme Court rejected challenges to sentences imposed in 1968, holding that the proper vehicle for such challenge is by way of a coram nobis proceeding before the original sentencing court, and similarly rejected challenges to the 1982 and 1983 sentences. These cross appeals ensued.

Analysis of this habeas corpus proceeding necessarily begins with the consideration of whether petitioner was entitled to an immediate release. Supreme Court found that he was not, although the court did grant him substantial relief relative to the 1967 convictions. While both parties have appealed, petitioner, by failing to serve or file any papers or briefs, has abandoned his appeal. Accordingly, he is bound by the judgment of Supreme Court holding that he was not entitled to an immediate release. Since habeas corpus is not available absent entitlement to immediate release *(People ex rel. Mendolia v Superintendent,* 47 NY2d 779; *People ex rel. Grimmick v McGreevy,* 141 AD2d 989, 991, *lv denied* 73 NY2d 702), this petition should have been dismissed without deciding the other issues raised. Moreover, habeas corpus is not an appropriate remedy to raise issues which could be raised in a CPL article 440 proceeding. The allegations in the petition do not merit departure from traditional orderly procedure *(see, People ex rel. Rosado v Miles,* 138 AD2d 808).

Judgment modified, on the law, without costs, by deleting therefrom the first two decretal paragraphs and the word

"other" from the third decretal paragraph, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.