(July 25, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH R. VALENTI, Appellant.—Per Curiam. Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered March 3, 1986, upon a verdict convicting defendant of two counts of the crime of promoting gambling in the first degree, and (2) by permission, from an order of the Supreme Court (Harris, J.), entered October 25, 1990 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant contends that the judgment of conviction should be reversed and the indictment dismissed due to the trial court's lengthy delay in rendering a decision on defendant's CPL 440.10 motion. We note, however, that this period of delay was no longer than the period of time which elapsed between defendant's conviction and the filing of his CPL 440.10 motion. It is also noteworthy that defendant was admitted to bail the day after he was sentenced and the judgment of conviction has been stayed pending defendant's appeal to this court.

Defendant contends that the same principles applicable to cases involving lengthy delays in the imposition of sentence after conviction (see, People v Drake, 61 NY2d 359) are applicable to a lengthy delay in rendering a decision on a CPL 440.10 motion. There are, however, significant differences

between sentencing and CPL 440.10 motions. CPL 380.30 (1) requires that "[s]entence must be pronounced without unreasonable delay", but there is no similar requirement in CPL article 440. More importantly, the imposition of sentence is the final step of and terminates the criminal action (CPL 1.20 [16]). Imposition and entry of the sentence is necessary to complete the judgment of conviction (CPL 1.20 [15]). A delay in the imposition of sentence affects: "the defendant's right to appeal, his eligibility for pardon and commutation of sentence, and, if a retrial becomes necessary, the danger that witnesses may be unavailable. Of equal significance in the need for timely sentencing is the public perception that prompt and certain punishment has been imposed upon a defendant found guilty, uninfluenced by legally irrelevant considerations. Thus, we have rested our rule requiring prompt sentencing on broader grounds, inferring that delay inevitably results in prejudice to the defendant" (People v Drake, supra, at 365).

A CPL 440.10 motion, in contrast, is a remedy separate and distinct from the criminal action, a remedy which a defendant may use "[a]t any time after the entry of a judgment" (CPL 440.10 [1]). None of the factors mentioned by the court in People v Drake (supra) are affected by a trial court's delay in deciding a CPL 440.10 motion, except perhaps the availability of witnesses if a retrial becomes necessary. But since a defendant can move for CPL 440.10 relief at any time after entry of judgment, the potential exists for the passage of a significant period of time between the judgment and a defendant's application for CPL 440.10 relief. A prompt decision by the trial court, therefore, will not necessarily avoid the problems associated with the unavailability of witnesses. We conclude that to be entitled to any relief defendant must show actual prejudice due to the trial court's delay in rendering a decision on the CPL 440.10 motion (cf., People v Cousart, 58 NY2d 62).

Here, defendant's only claim of actual prejudice is that he was unable to prosecute his direct appeal while his CPL 440.10 motion was pending. Although this court had extended defendant's time to perfect his direct appeal until 30 days after the filing of the trial court's order in the CPL 440.10 motion, we see no reason why defendant could not have pursued his direct appeal prior thereto. In any event, defendant was free on bail and there is no inherent or inevitable prejudice in a delay in the appellate process (see, People v Cousart, supra, at 68-69).

Defendant next contends that the trial court erred in denying his CPL 440.10 motion without a hearing. In support of

his claim that he was denied his right to effective assistance of counsel, defendant submitted an affidavit alleging that trial counsel had a conflict of interest arising out of the representation of a codefendant, that trial counsel failed to advise him of the nature of the conflict or the right to retain another attorney, and that trial counsel's performance during trial was inadequate. As to the alleged conflict of interest, the record establishes that on four separate occasions prior to trial the court conducted a *Gomberg* hearing *(People v Gomberg,* 38 NY2d 307) to determine whether defendant had an awareness of the potential risks involved in the joint representation and had voluntarily chosen to proceed with it. Each time defendant was warned of the potential for conflict, and each time defendant indicated that he wanted trial counsel to continue his representation. Accordingly, there was no need for a hearing on defendant's conflict of interest claim (CPL 440.30 [4]).

As to defendant's claim that trial counsel's performance during trial was inadequate, a claim which he repeats on his direct appeal, the record establishes that defendant's trial counsel provided meaningful representation *(see, People v Baldi,* 54 NY2d 137). We see no basis for disturbing either the judgment of conviction or the denial of defendant's CPL 440.10 motion.

Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur. Ordered that the judgment and order are affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).