■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KEVIN HATZMAN, Respondent-Appellant, v ROBERT H. KUHLMANN, as Superintendent of Sullivan Correctional Facility, Appellant-Respondent. [594 NYS2d 922] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: By this proceeding in the nature of habeas corpus, relator, a prison inmate, seeks to invalidate his 1967 and 1968 convictions, obtain credit against his 1982 and 1983 sentences for time served pursuant to those earlier convictions, and force the recomputation of the maximum expiration date of his multiple sentences so as to compel his immediate release from custody. By its supplemental judgment, Supreme Court converted the proceeding to one for CPLR article 78 relief, found that relator was not entitled to immediate release, and granted the petition in part by ordering correctional authorities to recompute relator's sentence as

if the 1967 conviction were no longer in effect. Respondent Superintendent appeals from that portion of the supplemental judgment that directed that the proceeding be converted and ordered him to recompute the sentence. Relator cross-appeals from the supplemental judgment insofar as it did not relieve him from his 1968 conviction and did not order his immediate release from custody.

Relator is entitled to none of the relief he requested, and thus we modify by deleting the third decretal paragraph from the supplemental judgment and by deleting the word "otherwise" from the fourth decretal paragraph. Relator is not entitled to immediate release, and thus the court properly found no basis for habeas corpus relief *(People ex rel. Fitzgerald v Casscles,* 28 NY2d 866, 868). Although an article 78 proceeding would be appropriate to challenge a computation of relator's conditional release or maximum expiration date, relator is not entitled to relief where he does not challenge any determination of respondent, but rather challenges the validity of the criminal convictions underlying his commitment. "[T]raditional orderly procedure" requires that such contentions be raised either on direct appeal or in collateral criminal proceedings commenced in the court of original jurisdiction *(People ex rel. Hatzman v Kuhlmann,* 173 AD2d 895, 896).

Moreover, this proceeding is barred by principles of res judicata and collateral estoppel. In a prior proceeding involving the same facts and legal contentions, the Third Department held that relator was not entitled to either CPLR article 70 or article 78 relief *(see, People ex rel. Hatzman v Kuhlmann, supra).* Relator is bound by that determination. Further, relator's challenges to his 1967 and 1968 convictions could have been raised on direct appeal from those convictions, or have been raised and rejected in numerous collateral criminal proceedings *(see, People ex rel. Hatzman v Montanye,* 51 AD2d 682, *appeal dismissed* 33 NY2d 654; *People ex rel. Hatzman v Mancusi,* 38 AD2d 793, *lv denied* 30 NY2d 484; *People ex rel. Hatzman v Mancusi,* 37 AD2d 920, *lv denied* 29 NY2d 489; *People v Hatzman,* 35 AD2d 1082, *cert denied* 404 US 844).

Further, as previously determined in the foregoing cases, and as we conclude herein, relator's challenges to his 1968 conviction are lacking in merit. Erie County Court properly found relator guilty of second degree assault as a lesser included offense of first degree assault; properly sentenced

him, under then existing law, to consecutive terms for carrying a weapon during the assault; and thus did not violate relator's rights under the Due Process and Double Jeopardy Clauses of the Constitution. Moreover, relator's challenge to his 1967 conviction is not ripe. That challenge is the subject of a motion currently pending.

Finally, even if relator's claims were meritorious, there would be no basis for granting him credit against his 1982 and 1983 convictions for time served pursuant to the 1967 and 1968 convictions *(see, Matter of Hawkins v Coughlin,* 72 NY2d 158, 161-165; *Matter of Mullen v Coughlin,* 142 AD2d 5, *lv denied* 73 NY2d 708). (Appeals from Judgment of Supreme Court, Wyoming County, Dadd, J.—Article 78.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.