[637 NYS2d 866]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LEE HATZMAN, Appellant. (Appeal No. 1.)

Fourth Department, February 2, 1996

**APPEARANCES OF COUNSEL**

*Mary Good,* Elma, for appellant.

*Matthew J. Murphy, III, District Attorney* of Niagara County, Lockport, for respondent.

## OPINION OF THE COURT

FALLON, J.

I

Defendant appeals from two judgments, one convicting him of robbery in the first degree (former Penal Law § 2124 [1]) and the other convicting him of robbery in the first degree and assault in the first degree (former Penal Law § 240). On appeal, defendant contends that the excessive delay in resentencing him resulted in a loss of jurisdiction, requiring dismissal of the indictments. For the reasons that follow, we agree with defendant.

II

In 1967, defendant was sentenced on these three felonies. In October 1970, defendant filed an application for a writ of error coram nobis, alleging that he had not been notified of his right to appeal and seeking to be resentenced nunc pro tunc in order to afford him an opportunity to appeal. On April 7, 1971, Niagara County Court set aside defendant's 1967 convictions and resentenced defendant in absentia and nunc pro tunc to the same sentences he had received in 1967. At that time, such resentencing was sanctioned by the Third Department *(see, People v Ali,* 35 AD2d 435). The court also directed the court clerk to notify defendant, by registered mail, of his right to appeal. Defendant did not receive notice of his right to appeal or of his resentencing until three months later because he was in transit between prisons.

On four occasions in 1971 and 1972, defendant moved for resentencing. When defendant appeared for resentencing on December 7, 1975, there were no papers on which the court could proceed, and as a result defendant was not resentenced at that time.

On April 1, 1980, Supreme Court, Wyoming County, partially sustained a writ of habeas corpus and determined that defendant's 1971 resentencing was illegal because the resentence had been imposed in absentia. That judgment, which remanded defendant to County Court for further proceedings, was never enforced.

When defendant was not released pursuant to the 1980 judgment, he appealed to this Court. The People did not cross-

appeal. We dismissed defendant's appeal as moot based upon the stipulation of the parties; defendant had been released on parole on July 10, 1980. Defendant was arrested shortly thereafter on unrelated charges and convicted in both 1982 and 1983.

On March 9, 1989, defendant commenced another habeas corpus proceeding challenging the 1967 convictions. He alleged that County Court had lost jurisdiction to resentence him due to the nine-year delay following the 1980 order, and he requested immediate release. On August 15, 1989, Supreme Court, Ulster County, found that County Court had lost jurisdiction to resentence defendant on the 1967 convictions, but defendant was not released because the court rejected his challenges to his other convictions.

The August 15, 1989 judgment was modified by the Third Department, which found that defendant's petition should have been dismissed because defendant was not entitled to immediate release. It also noted that habeas corpus was not the appropriate remedy because the issues could have been raised in a CPL article 440 proceeding *(People ex rel. Hatzman v Kuhlmann,* 173 AD2d 895, 896).

During the pendency of that appeal, defendant commenced another habeas corpus proceeding in Ulster County, again challenging the 1967 convictions. The proceeding was transferred to Supreme Court, Wyoming County. By judgment entered May 17, 1991, the court found that defendant was not entitled to immediate release, but partially granted the petition by ordering the Department of Correctional Services to recompute defendant's sentence as if the 1967 convictions were no longer in effect. Upon the appeal to this Court, we modified the judgment, finding it barred by res judicata and collateral estoppel due to the Third Department's decision. We also concluded that the challenge to defendant's 1967 convictions was not ripe for review because a motion to dismiss the 1967 convictions was pending in County Court. Further, we noted that, even if defendant's challenge to the 1967 convictions were meritorious, there would be no basis for granting defendant credit against his 1982 and 1983 convictions for time served pursuant to the 1967 convictions *(People ex rel. Hatzman v Kuhlmann,* 191 AD2d 976, *appeal dismissed and lv denied* 82 NY2d 683).

On June 8, 1989, during the pendency of the Ulster County proceeding, defendant appeared, as ordered, before County Court. The Niagara County District Attorney informed the court that defendant had to be resentenced pursuant to the

April 1, 1980 judgment of Supreme Court, Wyoming County. The District Attorney's office claimed that it was first notified by the Attorney-General's office on March 25, 1989 of the need to resentence defendant. Defendant's motion to dismiss the indictments underlying the 1967 convictions is the subject of this appeal. The motion was based on defendant's contention that the court lacked jurisdiction because of the excessive delay in resentencing. The motion was denied without prejudice, and an adjournment was granted because of the Ulster County habeas corpus proceeding.

After the disposition of the Ulster County appeal, this proceeding was recommenced on June 19, 1991. An evidentiary hearing was held to determine whether the court had lost jurisdiction to resentence defendant. The court concluded that it had not lost jurisdiction and resentenced defendant on January 20, 1994 to the same sentences he had received in 1967.

### III

Pursuant to CPL 380.30 (1), a " '[s]entence must be pronounced without unreasonable delay' ", and "unless excused [the delay] result[s] in a loss of jurisdiction requiring dismissal of the indictment" (People v Drake, 61 NY2d 359, 364, 367; see, People ex rel. Harty v Fay, 10 NY2d 374, 379). Addressing a delay between conviction and sentence, the Court of Appeals remarked: "[W]hether dismissal is warranted depends upon the length of the delay and the reasons for it. Generally, where the delay is long and unexplained, the courts will hold it unreasonable [citations omitted]. Conversely, where the delay is not protracted and plausible reasons are offered to explain it, the courts hold that it is not unreasonable. When there has been an extended delay and there are plausible reasons for it, the various factors involved must be balanced" (People v Drake, supra, at 366-367). We conclude that the analysis in People v Drake applies to delays in resentencing as well as to those between conviction and sentencing, but with one salient difference. Prejudice is presumed to result from delays between conviction and sentence (People v Drake, supra, at 365). Sentencing concludes a criminal action (CPL 1.20 [16] [c]), and affects defendant's right to appeal from the underlying judgment of conviction. As with other postjudgment delay (see, People v Valenti, 175 AD2d 489, 489-490), however, defendant must demonstrate prejudice resulting from the delay between sentencing and resentencing.

It cannot be gainsaid that the nine-year delay involved here is very long (see, People ex rel. Harty v Fay, supra, at 378 [6½-

year delay]). In addition, the People have not shown plausible reasons for the delay. They argue that they were unaware of the 1980 judgment remanding defendant for further proceedings. However, the People had notice of defendant's application for habeas corpus relief that generated that judgment, but chose not to appear. The record supports Supreme Court's determination that the District Attorney's office either had actual knowledge or was chargeable with knowledge of the judgment. The People also failed to cross-appeal from that judgment, even when faced with defendant's appeal. The fact that defendant's appeal was dismissed does not excuse the People's failure to pursue resentencing. In addition, the court improperly faulted defendant for not pursuing his own resentencing upon his reincarceration; defendant bears no burden to pursue his own sentencing *(see, People v Drake, supra,* at 367; *see also, People ex rel. Prosser v Martin,* 306 NY 710, 711-712).

Defendant initially moved for resentencing to afford him an opportunity to appeal. Although in his later challenges to the resentencing defendant asserted that the court lacked jurisdiction because of the delay, the fact remains that the delay affected his ability to appeal his 1967 convictions effectively *(see, People v Drake, supra,* at 365).

Finally, our dismissal of the indictments underlying the 1967 convictions does not entitle defendant to credit against his subsequent 1968, 1982 and 1983 sentences *(see, Matter of Hawkins v Coughlin,* 72 NY2d 158, 162; *People ex rel. Hatzman v Kuhlmann, supra,* 191 AD2d, at 978).

## IV

Accordingly, the judgments should be reversed and the indictments underlying the 1967 convictions dismissed.

GREEN, J. P., LAWTON, CALLAHAN and DOERR, JJ., concur.

Judgment unanimously reversed, on the law, and indictment dismissed.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LEE HATZMAN, Appellant. (Appeal No. 2.)—Judgment unanimously reversed, on the law, and indictment dismissed. Same opinion by FALLON, J., as in *People v Hatzman* (218 AD2d 185 [decided herewith]). (Appeal from judgment of Niagara County Court, Morton, J.—robbery, first degree.) Present—GREEN, J. P., LAWTON, FALLON, CALLAHAN and DOERR, JJ.