■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD L. KELLER, Appellant. [656 NYS2d 484] —White, J. Appeal from a judgment of the County Court of Cortland County (Mathews, J.), rendered February 26, 1996, upon a verdict convicting defendant of the crime of aggravated unlicensed operation of a motor vehicle in the first degree and the traffic infractions of driving while ability impaired, failure to keep right and unlicensed operation of a motor vehicle.

Defendant was arrested on January 1, 1994 in the City of Cortland, Cortland County, after he failed to keep right on a City street. When stopped, police officers detected the odor of alcohol on his breath. Defendant was convicted after a jury trial of aggravated unlicensed operation of a motor vehicle in the first degree, driving while ability impaired, failure to keep right and unlicensed operation of a motor vehicle. Defendant now appeals.

The first issue defendant raises is that the prosecutor's summation was prejudicial. We are not required to examine the merits of this argument due to defendant's failure to raise objections during the prosecutor's summation (*see,* CPL 470.05 [2]; *People v Oquendo*, 232 AD2d 881, 883-884, *lv denied* 89 NY2d 927). In any event, were we to consider this claim, we would find that it lacks merit for defendant has not shown that the prosecutor's remarks had " 'a decided tendency to prejudice the jury' " (*People v Halm*, 81 NY2d 819, 821, quoting *People v Ashwal*, 39 NY2d 105, 110). Specifically, the prosecutor's comment, that in order to acquit defendant the jury would have to find that the prosecution witnesses conspired against defendant, when viewed in the context of the entire summation, was not prejudicial as it was in fair response to the defense theory that the prosecution witnesses were lying (*see, People v Farrell*, 228 AD2d 693, 694, *lv denied* 88 NY2d 984; *People v Roberson*, 225 AD2d 401, *lv denied* 88 NY2d 941). Nor would we find that defendant was denied effective assistance of counsel due to defense counsel's failure to object to the sum-

mation. Defense counsel engaged in extensive pretrial motion practice, effectively cross-examined the prosecution's witnesses, presented defense witnesses to support defendant's claim of innocence and made proper trial motions. Viewing the record as a whole, we are satisfied that defendant received meaningful representation (*see, People v Flores,* 84 NY2d 184, 187; *People v Baldi,* 54 NY2d 137, 146-147).

Defendant's argument that the $1^1/_3$ to 4-year sentence of imprisonment imposed upon him for his conviction of the crime of aggravated unlicensed operation of a motor vehicle is harsh and excessive is likewise without merit given his criminal history which commenced in 1965 and spans four pages. We will, however, reverse his conviction of the crime of driving while ability impaired since the transcript of the sentencing indicates that County Court failed to pronounce sentence on that conviction and the People have offered no explanation for the delay in sentencing which now exceeds one year (*see, People v Drake,* 61 NY2d 359, 364; *compare, People v Turner,* 222 AD2d 206, 207, *lv denied* 88 NY2d 855; *People v Baez,* 216 AD2d 121; *People v Nieves,* 206 AD2d 441, 442, *lv denied* 84 NY2d 938). .

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the facts, by reversing so much thereof as convicted defendant of the crime of driving while ability impaired, and, as so modified, affirmed.