■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE HUGHES, Appellant. [720 NYS2d 586] —Rose, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 29, 1999, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree, assault in the third degree and resisting arrest.

The charges of the five-count indictment against defendant arose out of his involvement with Saladine Hunter in the robbery of Stephen Greiner on October 14, 1998 in the City of Binghamton, Broome County. After a *Huntley* hearing, County Court denied defendant's motion to suppress statements he made following his pursuit and apprehension by a neighbor, identification by Greiner and arrest by police immediately after the robbery. At the conclusion of a jury trial, defendant was found guilty of robbery in the first degree, robbery in the second degree, assault in the third degree and resisting arrest. County Court sentenced defendant to concurrent terms of imprisonment of six years for robbery in the first degree, 3½ years for

robbery in the second degree, and one year each for the convictions of assault in the third degree and resisting arrest. Defendant appeals.

We find no merit in defendant's initial contention that County Court erred in denying his suppression motion because his statements were made at a time when he was susceptible to coercive interrogation as a result of pain and discomfort caused by the use of pepper spray in his arrest and by the subsequent "hosing down" needed to remove that spray. While statements and admissions are properly suppressed as involuntary where an individual is impaired by a physical condition to the "extent of undermining his ability to make a choice whether or not to make a statement" (CPL 60.45 [2] [a]; *see, People v May*, 263 AD2d 215, 219, *lv denied* 94 NY2d 950; *People v Miller*, 244 AD2d 828; *People v Gagliardi*, 232 AD2d 879, 880), voluntariness is a question of fact to be determined from the totality of circumstances. The initial burden of proving, beyond a reasonable doubt, that each statement sought to be introduced was in fact voluntary rests with the prosecution (*see, People v May, supra*, at 219). "Once the prosecution has established the legality of police conduct and the defendant's waiver of rights, the burden of proof at the suppression hearing shifts to the defendant [citation omitted]" (*People v Guillery*, 267 AD2d 781, *lv denied* 94 NY2d 920). Furthermore, County Court's factual findings are entitled to great weight and will only be set aside if clearly erroneous (*see, People v May, supra*, at 219).

The record reveals that defendant was arrested after Greiner identified him as the individual who robbed him, that he was fully advised of his *Miranda* rights and that he readily understood and waived those rights. Additionally, each of the three interrogating officers testified that he observed no signs that defendant was under the influence of drugs or alcohol, and two of them further testified that they did not observe defendant suffering from any of the effects of being pepper sprayed. This testimony was uncontroverted and defendant offered no witnesses on his behalf. The prosecution thus carried its burden and established beyond a reasonable doubt that defendant's statement was voluntary. In response, defendant failed to meet his burden by not introducing evidence to the contrary (*see, People v May, supra*, at 219). Accordingly, County Court properly denied defendant's motion to suppress.

Defendant next contends that the evidence at trial was legally insufficient to support his conviction of robbery in the first and second degrees because the prosecution failed to es-

tablish that he intended to rob the victim. The standard of review in determining whether evidence is legally sufficient requires a court to view the evidence "in a light most favorable to the prosecution * * * to determine whether 'there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged'" (*id.*, at 219-220, quoting *People v Bleakley*, 69 NY2d 490, 495 [citations omitted]).

Here, Greiner's testimony at trial and defendant's admissions established that defendant held a knife to Greiner's throat, demanded that he surrender his money and took money from his pocket while Hunter restrained him. Greiner's testimony was corroborated by Kathleen Mahar, who was also present during the incident. Although defendant asserts that he was merely the unwitting recipient of money taken when Greiner refused to pay for drugs delivered to Greiner by Hunter, our review reveals that regardless of the reason the money was taken, the People proved that defendant used physical force for the purpose of preventing resistance while the money was removed from Greiner's pocket (*see, People v Johnson*, 215 AD2d 590, *lv denied* 86 NY2d 843; *People v Garcia*, 201 AD2d 666, *lv denied* 83 NY2d 871). This evidence also supports the jury's finding that defendant's use of force in conjunction with Hunter's actions was with the conscious objective of taking the money, thus satisfying all the elements of robbery in the first and second degrees (*see*, Penal Law §§ 160.10, 160.15; *People v Smith*, 79 NY2d 309, 314-315; *People v Martinez*, 173 AD2d 310, *lvs denied* 78 NY2d 970, 1013).

Defendant next argues that certain remarks made by the prosecutor during his summation were prejudicial and constitute reversible error. However, this contention was not preserved for our review because defendant failed to raise objections during the prosecution's summation (*see*, CPL 470.05 [2]; *People v Keller*, 238 AD2d 758, *lv denied* 92 NY2d 927). In any event, were we to consider the issue, defendant's contention would be rejected because he has not shown that the prosecutor's remarks had "'a decided tendency to prejudice the jury'" (*People v Halm*, 81 NY2d 819, 821, quoting *People v Ashwal*, 39 NY2d 105, 110). When viewed in the context of the entire summation, the comments cited by defendant, such as noting the unsavory character of the witnesses to the robbery and describing defendant's claimed lack of participation as "ridiculous," were not prejudicial for they were a fair response to

defendant's theory that he was an unwitting recipient of the stolen money and that the prosecution witnesses were lying (*see, People v Keller, supra,* at 758).

Finally, defendant asserts that the sentence imposed by County Court was harsh and excessive. However, County Court cited defendant's prior criminal record and imposed concurrent sentences all within the statutory parameters (*see,* Penal Law § 70.02 [3] [a], [b]; § 70.15 [1]). Significantly, defendant received the most lenient sentence provided for robbery in the second degree and a sentence of only one year more than the minimum term for robbery in the first degree (Penal Law § 70.02 [3] [a], [b]). Thus, we find no reason to disturb County Court's sentence determination.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.