■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMED KADRY, Appellant. [817 NYS2d 97]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered July 16, 2003, convicting him of conspiracy in the second degree (two counts) and criminal solicitation in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of conspiracy in the second degree and criminal solicitation in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, he was not deprived of a fair trial by the prosecutor's summation remarks. The prosecutor's comment regarding the character of the persons with whom the defendant supposedly associated, though inappropriate, was isolated and not prejudicial (*see People v Almonte,* 23 AD3d 392, 394 [2005], *lv denied* 6 NY3d 831 [2006]; *People v Valdes,* 291 AD2d 513, 514 [2002]; *People v Hughes,* 280 AD2d 694, 696-697 [2001]; *People v Roopchand,* 107 AD2d 35, 36 [1985], *affd* 65 NY2d 837 [1985]). The defendant's remaining challenges to the prosecutor's summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Woody,* 9 AD3d 439, 440 [2004]; *People v Hughes, supra* at 696) and, in any event, are without merit, since the remarks complained of constituted fair comment on the evidence (*see People v Ashwal,* 39 NY2d 105, 109-110 [1976]; *People v Ramirez,* 23 AD3d 500, 501 [2005], *lv denied* 6 NY3d 817 [2006]; *People v Martinez,* 17 AD3d 484, 485 [2005]; *see also People v Galloway,* 54 NY2d 396, 399 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's claim of ineffective assistance of counsel, raised in his supplemental pro se brief, is based on matter dehors the record which cannot be reviewed on direct appeal (*see People v Torres,* 24 AD3d 692 [2005], *lv denied* 6 NY3d 839 [2006]; *People v Wingate,* 297 AD2d 761, 762 [2002]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.