OPINION OF THE COURT
Lisa M. Fisher, J.
Relator is an inmate in the care and custody of the New York State Department of Corrections and Community Supervision (DOCCS). On November 10, 2014, he was sentenced by Supreme Court, Nassau County (Quinn, A.J.), as a first felony offender to an indeterminate term of 1 to 3 years for driving while intoxicated (DWI). Relator was received by DOCCS on November 20, 2014. He was credited 12 days of jail time from March 19, 2013 to March 20, 2013, and November 10, 2014 to November 19, 2014.
On January 22, 2015, relator was sentenced by Suffolk County Court (Cohen, A.J.) as a second felony offender to an indeterminate term of IV2 to 3 years for grand larceny in the fourth degree, and a one-year definite term for criminal possession of marihuana in the first degree. Suffolk County Court imposed these sentences to run concurrently with each other and the previous sentence from 2014. These sentences were to be executed as sentences of parole supervision pursuant to CPL 410.91. Relator was to be transferred to the Willard Drug Treatment Facility. The Suffolk County Sheriffs Department credited these sentences with five days of jail time from June 24, 2013 to June 28, 2013.
However, DOCCS would not transfer relator to Willard. As a result, he commenced this CPLR article 70 proceeding claiming that respondent’s detention of him is illegal in that the agreed upon plea bargain has not been kept by DOCCS and the courts. Specifically, he argues that his first sentence in *937 2014 and his second sentence in 2015 were to run concurrently and executed as sentences of parole supervision pursuant to CPL 410.91, which would have required transfer to the Willard Drug Treatment Facility and release on parole supervision.
Respondent contends the 2014 sentence and offense (DWI) was not eligible to be executed as a sentence of parole supervision pursuant to CPL 410.91. As a result, respondent argues that the Suffolk County Court’s 2015 sentence improperly ordered the 2014 and 2015 sentences to run concurrently and be executed as a parole sentence pursuant to CPL 410.91. Thus, relator is not entitled to immediate release as this 2014 sentence has not reached its maximum expiration, which precludes granting a habeas corpus application.
Sentences of parole supervision are governed by CPL 410.91, which authorizes a court to direct that a sentence for specified offenses be executed as a sentence of parole. (CPL 410.91 [1].) Specified offenses include grand larceny in the fourth degree and any class C, class D, or class E controlled substance or marihuana felony offense. (CPL 410.91 [5].) Driving while intoxicated or any iteration of such offense is not a specified offense. (See CPL 410.91 [5].)
Here, relator’s 2014 sentence was for a DWI offense which is not eligible for a sentence of parole under CPL 410.91 (5). Nor is relator eligible for a sentence of parole as a first felony offender under Penal Law § 70.70 (2) (d), as this section applies to class B controlled substance felonies and relator was sentenced for DWI. There is no other statutory authority permitting relator’s DWI offense to be a sentence of parole as a first felony offender. Thus, the 2014 sentence requires relator to be placed in a correctional facility which does not include Willard. (Correction Law § 70 [1] [c].)
Since relator must serve his 2014 sentence in a correctional facility, his habeas corpus application is only viable if he has served above his maximum expiration date. Under the 2014 sentence his maximum indeterminate sentence with the application of good time, which relator does not have a right to demand (see Greenholtz v Inmates of Nebraska Penal & Corr. Complex, 442 US 1 [1979]; People ex rel. Grimmick v McGreevy, 141 AD2d 989 [3d Dept 1988]; People ex rel. D’Adamo v Artus, 61 AD3d 1263, 1263 [3d Dept 2009]), is October 25, 2016. This *938 is calculated[1] from the date of sentencing of November 10, 2014[2] plus three years, which is November 10, 2017; minus 17 days of credited jail time, which is October 25, 2017; minus possible merit time/good time, which is speculative as the court has no information as to if this was earned, but at most would be one year (one third of a three-year maximum term), yielding the relator’s latest release date October 25, 2016.
Since relator has not been held longer than his maximum expiration date, he is not entitled to immediate release and habeas corpus relief is not available to him. (People ex rel. D’Adamo v Artus, 61 AD3d 1263, 1263 [3d Dept 2009] [“Entitlement to immediate release from prison, which does not occur until the expiration of an inmate’s sentence, is a prerequisite for habeas corpus relief”]; People ex rel. Mabery v Leonardo, 177 AD2d 766, 766-767 [3d Dept 1991]; People ex rel. Hatzman v Kuhlmann, 173 AD2d 895, 896 [3d Dept 1991], citing People ex rel. Mendolia v Superintendent, Green Haven Correctional Facility, 47 NY2d 779 [1979].) There is no federal or state constitutional right for an inmate to be released before serving the full sentence. (Greenholtz v Inmates of Nebraska Penal & Corr. Complex, 442 US 1 [1979]; People ex rel. Grimmick v McGreevy, 141 AD2d 989 [3d Dept 1988].)
The court need not evaluate the 2015 sentence and its maximum expiration date, as the 2014 sentence and offense cannot be executed as a sentence of parole to be abbreviated. Thus, relator is still subject to an undischarged term of imprisonment he received in 2014 which precludes the 2015 sentence’s execution. (See CPL 410.91 [2]; Penal Law § 70.06 [7].) Since the more restrictive sentence takes precedence over the less restrictive placement, the 2014 sentence governs and prohibits relator’s immediate release. As a result, this requires denial of his habeas corpus application.
As such, given that the 2015 sentence is illegal to the extent that it provides for Willard participation (see CPL 410.91 [2], [5]; Penal Law §§ 70.70 [2] [d]; [3] [d]; 70.06 [7]), relator should return to the trial court for the purpose of resentencing without Willard participation, or be allowed to withdraw his 2015 guilty *939 plea and proceed to a trial if the plea of guilty was induced by a promise of Willard participation. In either event, given that the application before this court is for habeas corpus relief which relator is not entitled to and that this court did not sentence relator, this court is without the power to resentence him.
As a final note for housekeeping purposes, the court notes that respondent’s pending motion to dismiss for improper service is denied. The court found the initial service issues of the signed writ on respondent were beyond relator’s control. Respondent’s motion was stayed to allow relator another opportunity to re-serve the writ, which relator properly did.
To the extent not specifically addressed above, the parties’ remaining contentions have been examined and found to be lacking in merit or rendered academic.
Thereby, it is hereby ordered that respondent’s stayed motion to dismiss is denied, in its entirety; and it is further ordered and adjudged that relator’s writ of habeas corpus is dismissed, and all relief requested therein is denied, in its entirety.

. The forthcoming calculations were performed by following Penal Law §§ 70.25, 70.30, and 70.45, as well as 9 NYCRR 8002.6.

. Respondent uses the date of the 2015 sentence, which the court disagrees with such use. The 2014 sentence was the first imposed and at issue in this matter, which the 2015 sentence is, by all accounts, improperly commingling the 2014 offense and the 2015 offenses into the same sentence.