Appeal from a resentence of the Onondaga County Court (Thomas J. Miller, J.), rendered February 4, 2013. Defendant was resentenced upon his conviction of, inter alia, attempted murder in the first degree.
 

 It is hereby ordered that the resentence so appealed from is unanimously affirmed.
 

 Memorandum: Defendant was convicted in 2003 upon a jury verdict of, inter alia, attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1]) and bribing a witness (§ 215.00), and he was sentenced to concurrent and consecutive terms of incarceration aggregating to 41 years to life. This Court affirmed the judgment of conviction on direct appeal (People v Robinson, 28 AD3d 1126 [2006], lv denied 7 NY3d 794 [2006]). Several years later, defendant made a motion in Federal District Court seeking a writ of habeas corpus and, in 2009, that court granted the motion in part, vacated the judgment of conviction with respect to the bribery charge in count seven of the indictment, and directed a retrial on that count (Robinson v Graham, 671 F Supp 2d 338, 355-356 [ND NY 2009]). The Federal District Court further ordered that, “unless the People retry [defendant] on [c]ount [s]even of the [i]ndictment. . . within a reasonable time, consistent with the New York speedy trial law, [defendant’s] sentence must be redetermined without regard to the conviction on that count” {id. at 364).
 

 The People did not retry defendant on the bribery charge or move for resentencing and, in 2012, defendant made a motion in County Court seeking, inter alia, to dismiss the indictment, contending that the court had lost jurisdiction over the case owing to the delay in resentencing. After several more delays, the court denied the motion and resentenced defendant nunc pro tunc on February 4, 2013 to the same sentence that it had originally imposed, except that it eliminated the sentence on the bribery charge in count seven. We affirm.
 

 Contrary to defendant’s contention, the court properly concluded that it had not lost jurisdiction over the case because of the delay in resentencing. The Court of Appeals has stated that “ ‘[s]entence must be pronounced without unreasonable delay’ ” (People v Drake, 61 NY2d 359, 364 [1984]; see CPL 380.30 [1]) and, “unless excused[, such a delay] result[s] in a loss of jurisdiction requiring dismissal of the indictment” (Drake, 61 NY2d at 367). This Court has “conclude[d] that the analysis in People v Drake applies to delays in resentencing as well as to those between conviction and sentencing, but with one salient difference. Prejudice is presumed to result from delays between conviction and sentence . . . [but, as] with other postjudgment delay . . . , defendant must demonstrate prejudice resulting from the delay between sentencing and resentencing” (People v Hatzman [appeal No. 1], 218 AD2d 185, 188 [1996]). Applying that principle here, we note that there was a “long and unexplained” delay between the Federal District Court’s order and resentencing (Drake, 61 NY2d at 366; see People v Davis, 29 AD3d 814, 816 [2006]; People v Keller, 238 AD2d 758, 759 [1997]), but we conclude that defendant failed to demonstrate any prejudice resulting therefrom. The order of the Federal District Court merely directed that defendant be retried upon a single count of the indictment or be resentenced without respect to that count. The order had no impact on his incarceration on the remaining counts of the indictment, and County Court resentenced defendant simply by eliminating the sentence on the bribery count. In light of defendant’s failure to demonstrate any prejudice with respect to the remaining counts of the indictment, we see no reason to conclude that the court lost jurisdiction over them because of the delay in resentencing (cf. Hatzman, 218 AD2d at 189; see generally Keller, 238 AD2d at 759).
 

 We reject defendant’s contention that the court erred in resentencing him without ordering an updated presentence report. Although the resentencing judge had discretion to order an updated report, “[t]here was no legal obligation that he do so ... , and we find no abuse of discretion in his determination not to update the presentence report here” (People v Kuey, 83 NY2d 278, 283 [1994]). Defendant was continuously incarcerated during the period of time between sentencing and resentencing, he was given the opportunity to provide information about his conduct during that period, and the resentenc-ing court “expresse[d] no disagreement with the sentencing court’s evaluation of sentencing criteria or the appropriateness of the term imposed” (id. at 282).
 

 We have considered defendant’s remaining contentions and conclude that they are without merit.
 

 Present — Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.