People v Peoples (2018 NY Slip Op 02147)





People v Peoples


2018 NY Slip Op 02147


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2015-01290
2016-06836
 (Ind. No. 2103/03)

[*1]The People of the State of New York, respondent,
v
LeRoy Peoples, appellant.


Paul Skip Laisure, New York, NY (Bryan D. Kreykes and Ronald Zapata of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Anastasia Spanakos of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two resentences of the Supreme Court, Queens County (Ira H. Margulis, J.), imposed January 28, 2015, and May 12, 2016, respectively, upon his conviction of rape in the first degree (two counts).
ORDERED that the resentences are affirmed.
By Indictment No. 2103/03, the defendant was charged with sex crimes occurring on March 7, 1998, and April 7, 2003. Count one charged him with rape in the first degree occurring on March 7, 1998, and count six charged him with rape in the first degree occurring on April 7, 2003. On March 7, 1998, the defendant was 15 years old, and the crime he committed on that date was a juvenile offense.
On January 12, 2005, the defendant pleaded guilty to counts one and six of the indictment. On January 27, 2005, he received the promised sentence of an indeterminate term of imprisonment of 8 to 16 years on count one, and a determinate term of imprisonment of 16 years on count six, plus 5 years of postrelease supervision. The Supreme Court directed that the terms of imprisonment run concurrently to each other. On August 3, 2005, the Supreme Court amended the defendant's sentence on the first count of the indictment and imposed an indeterminate term of imprisonment as a juvenile offender of 3&frac13; to 10 years, without calling the defendant back to court to resentence him.
The defendant moved to set aside his judgment of conviction, as amended, pursuant to CPL article 440. In one of those motions he alleged that his sentence was improperly amended in absentia. The Supreme Court granted him relief, when, on January 28, 2015, the defendant was produced and resentenced as a juvenile offender on the first count of the indictment to an indeterminate term of imprisonment of 3&frac13; to 10 years. The defendant objected to the resentence [*2]on the ground that he had already served 11 years and 7 months, and had therefore already served 3&frac13; to 10 years. He further claimed that the court lost jurisdiction over count one by unreasonably delaying the imposition of a legal sentence.
On May 12, 2016, the defendant was produced yet again, and was resentenced as a first felony offender with respect to count one and a second felony offender with respect to count six. The defense counsel argued that count one of the indictment should be dismissed because it took 10 years to impose a legal sentence on that count, citing People v Drake (61 NY2d 359).
The defendant appeals from both the resentence which occurred on January 28, 2015, and the resentence which occurred on May 12, 2016.
The defendant contends that the Supreme Court lost jurisdiction over his conviction because of the delay in correcting the sentence imposed. This contention is without merit, and the defendant's reliance upon People v Drake (61 NY2d 359) is misplaced. In that case, there was a 39-month delay between the date the defendant was convicted upon a jury verdict, and the date of the original sentence. A delay in the initial sentencing is presumptively prejudicial since it deprives a defendant of a timely right of direct appeal (see People v Hatzman, 218 AD2d 185, 188). However, this case involves resentencing, where the defendant bears the burden of establishing prejudice (see People v Peterson, 264 AD2d 574; People v Hatzman, 218 AD2d at 188). Here, the defendant's claim of prejudice is unpreserved for appellate review and in any event without merit (see generally People v Lynch, 121 AD3d 717). The delay in resentencing did not deprive the court of jurisdiction (see People v Smith, 277 AD2d 178; People v Bryan, 231 AD2d 957).
The contentions raised in the defendant's supplemental pro se brief are not properly before this Court (see People v Sansone, 65 AD3d 636; People v Grzywaczewski, 61 AD3d 699; People v Oquendo, 286 AD2d 740).
DILLON, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.

2015-01290 DECISION & ORDER ON MOTION
2016-06836
The People, etc., respondent,
v LeRoy Peoples, appellant.
(Ind. No. 2103/03)

Motion by the respondent on appeals from two resentences of the Supreme Court, Queens County, imposed January 28, 2015, and May 12, 2016, respectively, to dismiss the appeal from the resentence imposed May 12, 2016, on the ground that the proceedings which occurred on May 12, 2016, did not constitute a resentence. By decision and order on motion of this Court dated November 14, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the motion is denied.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court